UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RUSSELL A. RUNNELS,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF VANCOUVER, a municipal entity, the VANCOUVER POLICE DEPARTMENT and RYAN JUNKER,<br><br>            Defendant. | CASE NO. C10-5913BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND REMANDING MATTER |

This matter comes before the Court on Defendants City of Vancouver and Ryan Junker's ("Officer Junker") (collectively "Defendants") motion for summary judgment (Dkt. 56). The Court has reviewed the briefs filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 10, 2010, Plaintiff Russell Runnels ("Runnels") filed a civil rights complaint against Defendants in the Superior Court for the State of Washington, Clark County. Dkt. 1, ¶ 1. On December 16, 2010, Defendants removed the action to this Court. Dkt. 1.

On February 24, 2011, Defendants filed a motion for partial summary judgment. Dkt. 20.

On April 15, 2011, Runnels filed a Second Amended Complaint ("SAC") and asserted violations of the American with Disabilities Act, 42 U.S.C. § 12132 *et seq*. ("ADA"), and 42 U.S.C. § 1983. Dkt. 40.

ORDER - 1

On April 27, 2011, the Court granted Defendants' motion for partial summary judgment and dismissed Runnels' 42 U.S.C. § 1983 claims for unreasonable search and seizure and violations of the ADA and dismissed all of Runnels' claims against the Vancouver Police Department.  Dkt. 42 at 17-18.

On May 31, 2011, Defendants answered the complaint and Defendant Ryan Junker asserted a counterclaim for malicious prosecution under RCW 4.24.350(4)(c).  Dkt. 46.

On August 5, 2011, Runnels' attorney filed a motion to withdraw.  Dkt. 48.  On August 22, 2011, the Court granted the motion.  Dkt. 51.

On September 7, 2011, Defendants filed a motion for summary judgment.  Dkt. 56.  Runnels failed to respond.  On October 14, 2011, Defendants replied.  Dkt. 63.

## II.  FACTUAL BACKGROUND

The following summary of facts is taken from the Court's first order on summary judgment, and Runnels has failed to either contest these facts or submit evidence contradicting these facts.

On May 1, 2008, Clark Regional Emergency Services agency received a report of a traffic hazard in which an older, brown Buick was stalled in the southbound left turn lane on East Fourth Plain Boulevard in Vancouver, Washington.  Dkts. 21 at 8 & 29-1 at 2.  Officer Junker was dispatched to the disabled vehicle.  Dkt. 21 at 5.  The occupants of the vehicle included passengers Runnels and Joseph Stewart, and the driver, Branda Fisher ("Fisher").  Dkts. 21 at 8 & 29-1 at 4.  Runnels is an African-American male with a physical disability he characterizes as "'webbed' arms – i.e. skin from [his] upper torso is attached to [his] arms making a 'webbed' effect – that physically restricts [his] ability to raise, bend or move [his] arms, or to put [his] arms fully behind [his] back."  Dkt. 29-1 at 2.

According to Runnels, upon arrival at the scene, "Junker demanded that each person in the car give his or her name and produce identification," and then proceeded to

ORDER - 2

run a "criminal records check on each individual in the car." Dkt. 29-1 at 1. Officer Junker does not specify when he requested the passengers' identification. Dkt. 21 at 5-6.

After making contact with the driver, Officer Junker reported that "[a] records check of her name showed she was the protected person in a no contact order with a black male listed as a respondent." Dkt. 21 at 6. Officer Junker also reported "that there was a black male seated in the rear of the vehicle who identified himself as Russell RUNNELS." *Id*. This was "not the same name as on the no contact order, however RUNNELS did not have any identification on him or a way to verify it was his true name." *Id*. Officer Junker then ran a records check to confirm Runnels' identity. *Id*. Officer Junker's record check confirmed that Runnels was not the name on the no contact order but showed an outstanding misdemeanor warrant for Runnels' arrest. *Id.*; *see also* Dkt. 29-1 at 2.

Pursuant to the warrant, Officer Junker placed Runnels under arrest. Dkts. 21 at 6 & 29-1 at 3. According to Officer Junker, "Runnels was taken into custody without incident and transported to Clark County [jail]." Dkt. 21 at 6. Runnels alleges that Officer Junker forcibly handcuffed him and that he sustained pain and injury as a result of Officer Junker's attempt to handcuff him behind his back. Dkt. 29-1 at 3-4.

## III. DISCUSSION

As a threshold matter, failure to respond to a motion may be considered an admission that the motion has merit. Local Civil Rule 7(b)(2). Defendants have shown that Runnels was served with the motion at his updated address. *See* Dkts. 52 (Runnels' address) & 56 at 23 (Certificate of Service). Moreover, Defendants voluntarily advised Runnels, who is now proceeding pro se, of his responsibilities and the consequences of Defendants' summary judgment motion. Dkt. 55 at 13-22 (warning pursuant to *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997)). Therefore, the Court considers Runnels failure

ORDER - 3

to respond as an admission that Defendants' motion has merit and will briefly address the merits of the motion.

A.    **Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial -, e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec.*

*Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendants' Motion**

Defendants assert that Runnels has two remaining claims: (1) Runnels' First Claim for Relief insofar as it seeks relief against the City of Vancouver ("City") for an alleged violation of the ("ADA") (Dkt. 40, ¶¶ 33-43); and (2) a claim against Officer Junker for excessive force under the Fourth Amendment and 42 U.S.C. § 1983 (Dkt. 40, ¶ 58). Reading the complaint in the light most favorable to Runnels, the Court agrees with Defendants.

**1.     ADA**

The ADA prohibits discrimination against people with disabilities in the areas of "employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516-517 (2004). Title II, the provision at issue in this case, provides:

> Subject to the provisions of this sub-chapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132; *see also Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Lovell*, 303 F.3d at 1052; *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

ORDER - 5

In this case, Runnels has failed to establish the elements of his claim. First, Runnels has failed to show that he was a qualified individual with a disability because he has submitted no evidence that the restricted movement of his arms substantially limits any major life activity. Second, even if Runnels could be considered a qualified individual, the record shows that Officer Junker afforded Runnels the only requested accommodation, which was to handcuff Runnels' arms in front of his body instead of behind his back. Therefore, the Court grants Defendants' motion for summary judgment because Runnels has failed to show that a material question of fact exists on any element of his claim.

### 2. Excessive or Unreasonable Force

The Supreme Court has held that all claims involving challenges to an investigatory stop or any other seizure, or allegations concerning the amount of force used in an arrest, must be analyzed under the Fourth Amendment. *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994); *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Graham court held as follows:

> Today we make explicit what was implicit in [the *Tennessee v. Garner*, 471 U.S. 1 (1985)] analysis, and hold that all claims that law enforcement officers have used excessive force deadly or not in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard. . . .

*Graham*, 490 U.S. at 395 (footnote omitted).

In this case, Runnels has failed to submit any evidence that Officer Junker's use of force to effect the arrest of Runnels was unreasonable. In fact, Runnels contends that Officer Junker did not intentionally push Runnels and that any "push" occurred in the process of Runnels' attempting to show Officer Junker his arm restrictions. *See* Dkt. 56 at 19-20. Based on the evidence in the record, no question of fact exists whether Officer Junker used any unreasonable force. Therefore, the Court grants Defendants' motion for summary judgment.

**C.    Officer Junker's Claim**

Officer Junker requests that, in the event the Court dismisses Runnels' federal claims, the Court decline to exercise supplemental jurisdiction over his state law counterclaim and remand the matter to state court. Dkt. 56 at 22. The Court dismisses all of Runnel's federal claims and will decline to exercise supplemental jurisdiction over the state law counterclaim. Therefore, the action will be remanded to state court.

### IV.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment (Dkt. 56) is **GRANTED** and Runnels' claims are **DISMISSED with prejudice**. Defendant Junker's claim is **REMANDED**.

DATED this 9th day of November, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7